IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Snik LLC,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Samsung Electronics Co., Ltd.; and<br>Samsung Electronics America, Inc.,<br><br>　　　　　　Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMAND |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Snik LLC, ("Plaintiff" or "Snik") files this Complaint for Patent Infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 100, *et seq.*, seeks damages, and injunctive relief, and alleges:

**THE PARTIES**

1.　Snik is a limited liability company established and existing under the laws of the State of California with its principal business location at 1109 Parker Street, #4, Berkeley, California 94702.

2.　On information and belief, Samsung Electronics Co., Ltd. ("Samsung Electronics") is formed and existing under the laws of the Republic of Korea with its principal place of business 129, Samsung-ro, Yeontong-gu, Suwon, Gyeonggi-do, Korea 443-742.  On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  On information and belief, Samsung America has a business location in this District at 6625 Excellence Way, Plano, TX. 75023.  On information and belief, Samsung America is a wholly owned subsidiary of Samsung Electronics.   On information and belief, Samsung Electronics manufactures the products alleged to infringe in this Complaint and controls the decisions of Samsung America to infringe or license the patents as agent of the principal

parent corporation, Samsung Electronics. This Complaint will refer to these Defendants collectively as "Samsung." On information and belief, Samsung's products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts from at least August 10, 2016, at the latest, and continuing to this date. On information and belief, Samsung America is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas, and elsewhere throughout the United States. On information and belief, Samsung America can be served with process through its agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 100, *et seq.* This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

4. The Court has personal jurisdiction over Samsung in that, on information and belief, Samsung has committed and continues to commit acts of patent infringement in this District and/or has contributed to or induced acts of patent infringement by others in this District; regularly does business or solicits business in this district; employs citizens of Texas in this District; enters into contracts with citizens and/or residents of this District; derives substantial revenue from its activities in this District; has purposefully established substantial, systematic, and continuous contacts with this District such that it should reasonably expect to be haled into court in this District; and has placed products accused of infringement into the stream of commerce knowing that some portion of such products would be used, sold, and/or offered for sale in this District. Indeed, on information and belief, Samsung maintains an office in this District at 6625 Excellence Way, Plano, TX. 75023.

5. Venue is proper in this District under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c)(3). On information and belief, Samsung has committed acts of infringement in the

District and/or has contributed to or induced acts of patent infringement by others in this District and has a regular and established place of business within the District. For example, Plaintiff is informed and believes that Samsung has offices at 6625 Excellence Way, Plano, TX. 75023.

## NATURE OF THE ACTION

6. <u>The Patents</u>. Snik is the assignee of and owns all right, title, and interest in and to U.S. Patent Nos. 9,167,329B2 (the "'329 Patent") and 9,769,556B2 (the "'556 Patent") (together the "Patents-in-Suit"). The '329 Patent is presumed valid, and is subsisting. A true and correct copy of the '329 Patent is attached as Exhibit A and incorporated by reference. The '556 Patent is presumed valid, and is subsisting. A true and correct copy of the '556 Patent is attached as Exhibit B and incorporated by reference.

7. The Patents-in-Suit disclose and claim systems and methods for controlling audio with magnetically-attractable earphones.

8. <u>The Accused Products</u>. Without limitation, Samsung makes, uses, sells, offers to sell, and/or imports into the United States products that practice one or more claims of the Patents-in-Suit, including without limitation the Level U Pro ("LUP"), Level U Pro Active Noise Cancelling ("LUP ANC"), and/or Galaxy Buds wireless headphones ("Accused Products"). Snik reserves the right to amend this Complaint and any infringement contentions to include additional products that practice one or more claims of the Patents-in-Suit.

9. On information and belief, Galaxy Buds infringe one or more claims of the '329 Patent, either literally or through equivalents and either directly or indirectly.

10. For example, and not by way of limitation, Claim 1 of the '329 Patent recites:

> 1. A system for holding a set of earphones comprising:
> a. a holder body comprising one or more magnets;
> b. a set of earphones comprising a magnetically attractable surface for removably coupling with the one or more magnets; and
> c. an electronic device controller coupled to receive an activation signal when one or more of the set of earphones are decoupled from one of the one or more magnets, wherein the electronic device controller receives a deactivation signal when one or more of the set of earphones are coupled to one of the one or more magnets.

Snik reserves the right to amend this Complaint and any infringement contentions to include additional claims of the Patents-in-Suit that read on Accused Products.

11. On information and belief, Galaxy Buds comprise:

   a. A holder body comprising one or more magnets.



### Galaxy Buds: Features

The buds' most iconic feature is their **wireless charging case**. The small, oval container snaps the Galaxy Buds into place using tiny magnets and can be placed on any Qi wireless charging mat to juice up. The S10's Wireless PowerShare lets users turn their smartphone into an extra wireless charger so that they can still charge Galaxy Buds on the go.



b.        A set of earphones comprising magnetically attractable surface for removably coupling with the one or magnets.  See figures above.

c.        An electronic device controller coupled to receive an activation signal when one or more of the set of earphones are decoupled from one of the one or more magnets.  On information and belief, Galaxy Buds earphones each include a Broadcom BCM43014 integrated low-power system-on-chip ("BCM SoC").  On information and belief, the BCM SoC comprises a controller that controls connectivity of both earbuds with electronic devices using Broadcom's advanced Bluetooth pairing technology and enables integration of multi-dimensional sensors, including magnetic Hall sensors.  On information and belief, the BCM SoC further comprises Bluetooth 5 functionality, audio digital signal processing functionality, and a sensor

hub processor. On information and belief, the sensor hub functionality is responsive to a Hall sensor.



On information and belief, Galaxy Buds are compatible with Samsung Galaxy products, all of which include a controller configured to receive Bluetooth signals, including without limitation: Galaxy S7 Edge; Galaxy S7; Galaxy S8; and Galaxy S8+; Galaxy S9; Galaxy S9+; Galaxy Note 5Galaxy Note 8; Galaxy Note 9; Galaxy A6, Galaxy S10, Galaxy S10 Plus, and Galaxy S10e. On information and belief, Galaxy Buds are also compatible with other smartphones, including without limitation Apple iPhones, which also include a controller for receiving Bluetooth signals.



When paired to a Bluetooth device that is playing audio, one or both Galaxy Buds earphones activate and begin playing audio when removed from the holder

    d.  The electronic device controller receives a deactivation signal when one or more of the set of earphones are coupled to one of the one or more magnets. When paired to a Bluetooth device that is playing audio, one or both Galaxy Buds earphones are deactivated and cannot play audio when in the holder.

  12. On information and belief, the Accused Products infringe one or more claims of the '556 Patent, either literally or through equivalents and either directly or indirectly.

  13. For example, and not by way of limitation, Claim 39 of the '556 Patent recites:

> 39. An audio system comprising:
> a. a first earphone;
> b. a second earphone removably coupled to the first earphone; and
> c. an electronic device controller configured to receive an activation signal when a magnetic decoupling is detected as the second earphone is removed and decoupled from the first earphone, wherein the activation signal causes transmitted audio to be played in the first earphone and the second earphone, wherein the electronic device controller receives a deactivation signal when the second earphone is again coupled to the first earphone, wherein the deactivation signal causes the transmitted audio to stop being played in the first earphone and the second earphone.

Snik reserves the right to amend this Complaint and any infringement contentions to include additional claims of the Patents-in-Suit that read on Accused Products.

  14. On information and belief, the LUP and LUP ANC products comprise:

    a.  A first earphone.

7

      Level U Pro              Level U Pro ANC



  b.  A second earphone removably coupled to the first earphone. See images above and below.

      Level U Pro              Level U Pro ANC

 

  c.  An electronic device controller configured to receive an activation signal when a magnetic decoupling of the first and second earphones is detected. On information and belief, the LUP and LUP ANC products use CSR8675 Bluetooth audio system on chip ("CSR SoC"). The CSR SoC contains a micro-controller unit, which is an 80MHz programmable reduced instruction set computer. On information and belief, the CSR SoC also contains a Kalimba digital

8

signals processor.  On information and belief, the CSR SoC also includes an SPDIF and two PCM/I$^2$S output ports and one SPI/ I$^2$C integrated circuit communication protocol port.  The figure below shows the architecture of the CSR SoC.  On information and belief, the CSR SoC receives an activation signal when the earphones are magnetically decoupled.



On information and belief, the LUP products are compatible with Samsung Galaxy products, all of which also include a controller configured to receive Bluetooth signals, including without limitation:  Galaxy S7 Edge; Galaxy S7; Galaxy S8; and Galaxy S8+.  On information and belief, the LUP ANC products are compatible Samsung Galaxy products, all of which include a controller configured to receive Bluetooth signals, including without limitation: Galaxy S7 Edge; Galaxy S7; Galaxy S8; and Galaxy S8+; Galaxy S9; Galaxy S9+; Galaxy Note 5Galaxy Note 8; Galaxy Note 9; Galaxy A6, Galaxy S10, Galaxy S10 Plus, and Galaxy S10e.  On information and belief, the LUP and LUP ANC products are also compatible with other smartphones, including without limitation Apple iPhones, which also include a controller for receiving Bluetooth signals. See highlighted text on figures below.

| Level U Pro | Level U Pro ANC |
|---|---|
| ## Connecting via Bluetooth<br>**Bluetooth**<br>About Bluetooth<br>Bluetooth is a wireless technology standard that uses a 2.4 GHz frequency to connect to various devices over short distances. It can connect and exchange data with other Bluetooth enabled devices, such as mobile devices, computers, printers, and other digital home appliances, without connecting via cables.<br><br>### Connecting to other devices<br>This headset is compatible with Bluetooth-enabled devices.<br>1. **Headset** Slide the Power switch to the right and hold it for approximately three seconds to enter Bluetooth pairing mode.<br>When you turn on the headset for the first time, it automatically enters Bluetooth pairing mode.<br>2. **Other device** Activate the Bluetooth feature and search for Bluetooth devices. For more information, refer to the other device's user manual.<br>3. **Other device** Tap **Samsung Level U Pro (0000)** from the list. | ## Connecting via Bluetooth<br>**Bluetooth**<br>About Bluetooth<br>Bluetooth is a wireless technology standard that uses a 2.4 GHz frequency to connect to various devices over short distances. It can connect and exchange data with other Bluetooth enabled devices, such as mobile devices, computers, printers, and other digital home appliances, without connecting via cables.<br><br>### Connecting to other devices<br>This headset is compatible with Bluetooth-enabled devices.<br>1. **Headset** Slide the Power switch to the right and hold it for approximately three seconds to enter Bluetooth pairing mode.<br>When you turn on the headset for the first time, it automatically enters Bluetooth pairing mode.<br>2. **Other device** Activate the Bluetooth feature and search for Bluetooth devices. For more information, refer to the other device's user manual.<br>3. **Other device** Tap **Samsung Level U Pro ANC (0000)** from the list. |

Level U Pro



Level U Pro ANC

[Image of Samsung Level U Pro ANC packaging back panel]

d.  An activation signal causes audio to be played in the first and second earphones. On information and belief, when the earphones of the Accused Products are disconnected from each other, the CSR SoC receives an activation signal. On information and belief, the activation signal causes audio to play in the first and second earphones. See images above.

e.  An electronic device controller receives a deactivation signal. On information and belief, when the magnetic earphones are coupled to each other, the CSR SoC receives a deactivations signal. On information and belief, the deactivation signal causes audio to stop playing in the first and second earphones. See images above.

11

15. For example, and not by way of limitation, Claim 9 of the '556 Patent recites:

> 9. A set of headphones for removably coupling with a holder body having one or more magnetically attractable first surfaces comprising:
> a. a set of headphones for playing transmitted audio and external audio, the set of headphones comprising one or more magnetic second surfaces;
> b. a microphone for receiving the external audio; and
> c. a headphones controller coupled to receive an activation signal when a magnetic decoupling is detected as one or more of the magnetic second surfaces is removed and decoupled from one of the one or more magnetically attractable first surfaces, wherein the activation signal causes the transmitted audio to be played in the headphones.

Snik reserves the right to amend this Complaint and any infringement contentions to include additional claims of the Patents-in-Suit that read on Accused Products.

16. On information and belief, the Galaxy Buds products comprise:

a. A set of headphones for playing transmitted audio and external audio. On information and belief, the earphones of the Galaxy Buds products are for playing both audio transmitted from a Bluetooth device and/or external audio. The Galaxy Buds products comprise a "set of headphones" and the headphones comprise one or more magnetic second surfaces. See paragraph 11 above.



The earphones play audio from paired Bluetooth devices. The earphones also play external audio using their Ambient Aware system.



  b. A microphone for receiving the external audio. The Galaxy Buds earphone comprise multiple microphones. See paragraph 16(a) above.

> "Samsung insists that the Galaxy Buds are for talking just as much as they are for listening. Thanks to so-called 'dual adaptive microphones,' one on the inside and one on the outside of each earbud, the company says the person on the other end of your calls will hear you more clearly. That's because the earbuds can pickup on your surroundings and automatically switch between the two sets of mics to reduce background noise for whoever you're talking to."

      c.     A headphones controller coupled to receive an activation signal when a magnetic decoupling is detected as one or more of the magnetic second surfaces is removed and decoupled from one or more of the one or more of the magnetically attractable first surfaces. See paragraph 11 above.

      d.     Wherein the activation signal causes transmitted audio to be played. See paragraph 11 above.

      17.     In or about March and April of 2018, both in writing and in at least one face-to-face meeting with Samsung representatives, Samsung was made aware of the Patents-in-Suit. Samsung was also advised that it needed a license to the Patents-in-Suit to continue to make, use, offer for sale, sell, and/or import certain Accused Products in the United States. Samsung was provided the Patent-in-Suit and a claim chart to demonstrate how the Patents-in-Suit read on the certain Accused Products. Samsung refused to enter into a license.

      18.     On information and belief, Samsung actively induces infringement of the Patents-in-Suit by encouraging consumers of Bluetooth enabled devices to use the Accused Products to control audio with the magnetic features of the Accused Products. On information and belief, Samsung does so at least in the User Manuals for the Accused Products; in the Quick Start Guides included in the packaging with the Accused Products; on its web site; and on the packaging of the Accused Products. On information and belief, Samsung knew or should have known that its customers' use of Accused Products would infringe the Patents-in-Suit because, in or about March

and April 2018, Samsung was made aware of the Patents-in-Suit and that making, using, selling, offering for sale, and/or importing Accused Products would be infringing.

19. On information and belief, Samsung contributes to infringement of the Patents-in-Suit because it sells Accused Products to consumers and the Accused Products are material to practicing method claims of the Patents-in-Suit, including without limitation Claim 36 of the '329 Patent and Claim 38 of the '556 Patent.  On information and belief, the Accused Products are especially made and/or especially adapted for use in an infringing manner inasmuch as Samsung makes, imports, sells, and/or offers to sell the Accused Products specifically for use with Bluetooth-enabled devices and for controlling audio with the magnetic features in the Accused Products.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 9,167,329B2)

20. Plaintiff incorporates paragraphs 1-19 of this Complaint by reference.

21. Samsung has infringed and continues to infringe one or more claims of the '329 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement of infringement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or importing the Accused Products, as described in more detail above.

22. Snik is entitled to recover from Samsung the damages sustained by Snik as a result of Samsung's wrongful acts in an amount subject to proof at trial.  Snik is entitled to recover from Samsung damages adequate to compensate Snik for Samsung's infringement of the '329 Patent, but in no event less than a reasonable royalty for the use Samsung made of claim(s) in the '329 Patent, together with interest and costs as fixed by the Court.

23. Upon information and belief, Samsung has had notice of the '329 Patent from in or about March and April 2018, and no event later than the time of filing of this lawsuit.

Accordingly, Samsung's infringement has been willful and deliberate, entitling Snik to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

24. Samsung's infringement of the '329 Patent is causing, and will continue to cause, irreparable harm to Snik for which there is no adequate remedy at law and such harm will continue unless and until Samsung is enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 9,769,556B2)

25. Plaintiff incorporates paragraphs 1-24 of this Complaint by reference.

26. Samsung has infringed and continues to infringe one or more claims of the '556 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement of infringement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or importing the Accused Products, as described in more detail above.

27. Snik is entitled to recover from Samsung the damages sustained by Snik as a result of Samsung's wrongful acts in an amount subject to proof at trial.  Snik is entitled to recover from Samsung damages adequate to compensate Snik for Samsung's infringement of the '556 Patent, but in no event less than a reasonable royalty for the use Samsung made of claim(s) in the '556 Patent, together with interest and costs as fixed by the Court.

28. Upon information and belief, Samsung has had notice of the '556 Patent from in or about March and April 2018, and no event later than the time of filing of this lawsuit. Accordingly, Samsung's infringement has been willful and deliberate, entitling Snik to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

29. Samsung's infringement of the '556 Patent is causing, and will continue to cause, irreparable harm to Snik for which there is no adequate remedy at law and such harm will continue unless and until Samsung is enjoined by this Court.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Snik respectfully requests that this Court enter judgment in its favor against Samsung and grant the following relief:

A.  An adjudication that Samsung has infringed one or more claims of the '329 Patent and/or the '556 Patent, directly and/or indirectly and literally and/or through equivalents;

B.  An award of damages to Snik adequate to compensate it for Samsung's past infringement, together with pre-judgment and post-judgment interest, as well as damages adequate to compensate Snik for any continuing or future infringement, including costs, expenses, and an accounting for all infringing acts;

C.  A finding that Samsung's infringement has been, and continues to be, willful and an award of enhanced damages, up to and including treble damages pursuant to 35 U.S.C. § 284;

D.  A preliminary and/or permanent injunction, enjoining Samsung, including its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Samsung, from making, using, selling, offering to sell in the United States, or importing into the United States, any devices or articles of manufacture that infringe either the '329 Patent, the '556 Patent, or both the '329 Patent and the '556 Patent directly or indirectly and literally or through equivalents;

E.  A finding that this case is exceptional and an award to Snik of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

F.  An order and judgment requiring Samsung to pay Snik for Snik's damages, costs, expenses, fees, pre-judgment, and post-judgment interest for Samsung's infringement of any claim of either the '329 Patent and/or the '556 Patent pursuant to 35 U.S.C. §§ 284 and/or 285; and

G.  Any and all further relief this Court deems just and proper.

**JURY DEMAND**

Snik respectfully demands a trial by jury on all issues so triable.

Dated: October 9, 2019					Respectfully submitted,

							**KYLE HARRIS LLP**

							By:	*/s/* John S. Kyle
								John S. Kyle
								Lead Attorney
								California State Bar No. 199196
								450 B Street, Suite 1410
								San Diego, CA. 92101
								Email:		jkyle@klhipbiz.com
								Telephone:	(619) 600-0644
								Facsimile:	(619) 600-5144

							**ATTORNEYS FOR SNIK LLC**